1
2
3
4
5
6
7                    UNITED  STATES  DISTRICT  COURT
8                     EASTERN  DISTRICT  OF  CALIFORNIA
9
10
ELMOR JACOB DE LEON,            )  1:10-cv—02251-SKO-HC
11                               )
                   Petitioner,  )  ORDER TO PETITIONER TO SHOW CAUSE
12                               )  IN THIRTY (30) DAYS WHY THE
                               )  PETITION SHOULD NOT BE DISMISSED
13      v.                       )  FOR PETITIONER'S FAILURE TO
                               )  EXHAUST STATE REMEDIES
14  JAMES HARTLEY, Warden,       )  (Doc. 1)
                               )
15                   Respondent. )
                               )
16  _____)

17

18
            Petitioner is a state prisoner proceeding pro se and in
19
forma pauperis with a petition for writ of habeas corpus pursuant
20
to 28 U.S.C. § 2254.  The matter has been referred to the
21
Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules
22
302 and 303.  Pending before the Court is Petitioner's petition,
23
which was filed in this Court on November 16, 2010.  The petition
24
challenges the state parole board's decision on August 27, 2009,
25
that Petitioner was unsuitable for parole.  (Pet. 5, 21.)
26
        I.  Screening the Petition
27
        Rule 4 of the Rules Governing § 2254 Cases in the United
28

                                   1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and
gives the state court the initial opportunity to correct the
state's alleged constitutional deprivations. <u>Coleman v.
Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509,
518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir.
1988).

A petitioner can satisfy the exhaustion requirement by
providing the highest state court with the necessary jurisdiction
a full and fair opportunity to consider each claim before
presenting it to the federal court, and demonstrating that no
state remedy remains available. <u>Picard v. Connor</u>, 404 U.S. 270,
275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.
1996). A federal court will find that the highest state court
was given a full and fair opportunity to hear a claim if the
petitioner has presented the highest state court with the claim's
factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365
(1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10
(1992), <u>superceded by statute as stated in Williams v. Taylor</u>,
529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the
state court that he was raising a federal constitutional claim.
<u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669
(9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala
v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>,
133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United
States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971),
> we said that exhaustion of state remedies requires that
> petitioners "fairly presen[t]" federal claims to the

1
2
3
4
5
6
7

state courts in order to give the State the
"'opportunity to pass upon and correct' alleged
violations of the prisoners' federal rights" (some
internal quotation marks omitted). If state courts are
to be given the opportunity to correct alleged violations
of prisoners' federal rights, they must surely be
alerted to the fact that the prisoners are asserting
claims under the United States Constitution. If a
habeas petitioner wishes to claim that an evidentiary
ruling at a state court trial denied him the due
process of law guaranteed by the Fourteenth Amendment,
he must say so, not only in federal court, but in state
court.

8  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

9  further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.

10 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th

11 Cir. 2001), stating:

12
13
14
15
16
17
18
19
20
21
22
23
24

Our rule is that a state prisoner has not "fairly
presented" (and thus exhausted) his federal claims
in state court unless he specifically indicated to
that court that those claims were based on federal law.
See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
2000). Since the Supreme Court's decision in Duncan,
this court has held that the petitioner must make the
federal basis of the claim explicit either by citing
federal law or the decisions of federal courts, even
if the federal basis is "self-evident," Gatlin v. Madding,
189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
Harless, 459 U.S. 4, 7... (1982)), or the underlying
claim would be decided under state law on the same
considerations that would control resolution of the claim
on federal grounds, see, e.g., Hiivala v. Wood, 195
F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
at 865.
...
In Johnson, we explained that the petitioner must alert
the state court to the fact that the relevant claim is a
federal one without regard to how similar the state and
federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

24 Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

25 amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

26 2001).

27

28     Where none of a petitioner's claims has been presented to

4

1  the highest state court as required by the exhaustion doctrine,
2  the Court must dismiss the petition.  Raspberry v. Garcia, 448
3  F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,
4  481 (9th Cir. 2001).  The authority of a court to hold a mixed
5  petition in abeyance pending exhaustion of the unexhausted claims
6  has not been extended to petitions that contain no exhausted
7  claims.  Raspberry, 448 F.3d at 1154.

8      Petitioner raises three legal claims concerning the denial
9  of his parole: 1) deprivation of a liberty interest in parole
10 without due process of law because of the absence of some
11 evidence supporting the decision concerning Petitioner's
12 dangerousness; 2) a violation of the Equal Protection Clause; and
13 3) a violation of the prohibition against ex post facto laws.
14 (Pet. 5.)

15     However, Petitioner does not specifically describe the
16 proceedings in the state courts in which he exhausted his claims.
17 Petitioner provides orders from the California Court of Appeal
18 and the California Supreme Court in which the courts denied
19 without extended analysis his petitions for habeas relief.  (Doc.
20 1-2 at 66-68.)  Petitioner also provides an order from the
21 Superior Court of Los Angeles, where Petitioner was convicted, in
22 which the court denied Petitioner's claims concerning ex post
23 facto laws and due process.  (Id. at 69-72.)  However, the
24 Superior Court's order does not contain any reference to the
25 claim concerning equal protection.

26     Because Petitioner has not submitted to this Court the
27 petitions he filed in the state courts, the Court's review of the
28 instant petition for writ of habeas corpus suggests that

5

Petitioner has not presented his numerous claims to the California Supreme Court.  If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court but has simply neglected to inform this Court.

Thus, Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court.  Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

III. Order to Show Cause

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:    December 16, 2010               /s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE